IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THE GRAY INSURANCE COMPANY,

    Plaintiff,

v.                                                     Case No.: 3:25-CV-00682

JAX REFRIGERATION, INC. DBA
JAX MECHANICAL,
JAX REFRIGERATION, LLC,
JAX HVAC, INC., LDDV, LLC,
LOWERY REVOCABLE FAMILY TRUST,
MARK A. LOWERY, AND
SAMANTHA A. LOWERY,

    Defendants.
_____/

## THE GRAY INSURANCE COMPANY'S
## RESPONSE TO ORDER REGARDING STAY ISSUE (DOC. 32)

Plaintiff, The Gray Insurance Company ("Gray"), through undersigned counsel, submits this response to the Court's Order dated October 3, 2025 regarding the impact of the bankruptcies of certain of the Defendants on this action (the "Response"). For the reasons set forth below, this action should only be stayed as to the Defendants that have filed for bankruptcy and not as to the Defendants that have not filed for bankruptcy protection.

    1.    Gray filed the caption action against JAX Refrigeration, Inc. dba JAX Mechanical, JAX Refrigeration, LLC, JAX HVAC, Inc., LDDV, LLC, Lowery Revocable Family Trust, Mark A. Lowery and Samantha A. Lowery on June 17, 2025 (Doc. 1).

2. Defendant Mark A. Lowery filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code on July 28, 2025, and on that same day filed a Suggestion of Bankruptcy in this action (Doc. 21).

3. As a result, the Court entered an Order staying this action in its entirety and administratively closing the case (Doc. 22).

4. Because the automatic stay in Mark A. Lowery's bankruptcy action does not extend to the Non-Debtor Defendants, Gray filed a Motion for Order that the Automatic Stay Does Not Apply to Non-Debtor Indemnitors (the "Stay Relief Motion") in the Mark A. Lowery bankruptcy action.

5. After a hearing on the Stay Relief Motion, the Bankruptcy Court entered an Order granting the Stay Relief Motion, and stating: "The automatic stay in the captioned matter is limited to actions against the Debtor, Mark A. Lowery, and does not apply to The Gray Insurance Company's ("Gray") pending action against non-debtors JAX HVAC, Inc., JAX Refrigeration, Inc. dba JAX Mechanical, JAX Refrigeration, LLC, LDDV, LLC, Lowery Revocable Family Trust, and Samantha A. Lowery (collectively, the "Non-Debtor Indemnitors") or any other action by Gray against the Non-Debtor Indemnitors. Gray may proceed with its claims in the litigation filed in the United States District Court for the Middle District of Florida against the Non-Debtor Indemnitors." The Order further provides that the stay remains in effect as to Mark A. Lowery and that "[a]ny judgment or order entered in connection with Gray's action against the Non-Debtor Indemnitors, or any of them, shall not have any collateral estoppel or res judicata

2

or other preclusive effect as to the Debtor." A copy of Judge Brown's Order (the "Bankruptcy Order") is attached as **Exhibit "A."**

6. Thereafter, JAX HVAC, Inc., and JAX Refrigeration, LLC (formerly JAX Refrigeration, Inc.), filed Suggestions of Bankruptcy. Docs. 29-31.

7. After the Bankruptcy Order was entered, an issue arose regarding the real party in interest as to the claims against the Lowery Revocable Family Trust (the "Trust") and the impact of the bankruptcy of Mark A. Lowery, a Trustee of the Trust, on continuing an action against the Trust. Accordingly, Gray has filed a Notice of Dismissal without prejudice of the Trust (Doc. 33).

8. As Judge Brown recognized in the Mark A. Lowery bankruptcy, the automatic stay only applies to the Debtors in the various bankruptcies, here JAX HVAC, Inc., JAX Refrigeration, LLC, and Mark A. Lowery (the "Debtor Defendants") and not to non-debtor co-defendants, here LDDV, LLC, and Samantha A. Lowery (the "Non-Debtor Defendants"). The Non-Debtor Defendants, who have not filed a petition for bankruptcy, are not protected by the automatic stay provisions of 11 U.S.C. § 362. Those provisions generally protect only "the debtor, property of the debtor and property of the estate." *In re Rose*, 645 B.R. 253, 259 (Bankr. M.D. Fla. 2022). In fact, "[n]o provision in the Bankruptcy Code even remotely suggests a right to "extend the automatic stay" and no provision in the Federal Rules of Bankruptcy Procedure provides for extending the automatic stay under any of the operating chapters of the Bankruptcy Code." *In re Goldberg*, 221 B.R. 907, 909 (Bankr. M.D. Fla. 1998).

9. Accordingly, this action should continue as to the Non-Debtor Defendants and only be stayed as the Debtor Defendants.

10. Counsel for the Non-Debtor Defendants, Samantha Lowery and LDDV, LLC, has been provided a copy of this Response, has reviewed the Response and has no objection to the position asserted by Gray based upon the facts and law outlined.

WHEREFORE, Gray requests that the Court only stay this action as to the Debtor Defendants and allow it to continue as to the Non-Debtor Defendants.

PASKERT DIVERS THOMPSON

*/s/ Alberta L. Adams*
ALBERTA L. ADAMS
Florida Bar No. 80063
Email: aadams@pdtlegal.com
100 North Tampa Street, Suite 3700
Tampa, Florida 33602
(813) 229-3500 – Telephone
(813) 229-3502 – Facsimile
*Attorneys for The Gray Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which provided electronic notice to all counsel of record.

*/s/ Alberta L. Adams*
Attorney