THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THE GRAY INSURANCE COMPANY,

       Plaintiff,

v.                                               Case No.: 3:25-CV-00682

JAX REFRIGERATION, INC. DBA
JAX MECHANICAL,
JAX REFRIGERATION, LLC,
JAX HVAC, INC., LDDV, LLC,
LOWERY REVOCABLE FAMILY TRUST,
MARK A. LOWERY, AND
SAMANTHA A. LOWERY,

       Defendants.
_____/

**ANSWER AND AFFIRMATIVE DEFENSES OF**
**DEFENDANTS LDDV, LLC AND SAMANTHA A. LOWERY**

COME NOW, the Defendants, LDDV, LLC and SAMANTHA A. LOWERY (hereinafter collectively referred to as the "Defendants"), by and through their undersigned counsel, and hereby answer the Complaint filed by the Plaintiff, THE GRAY INSURANCE COMPANY, as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Without knowledge sufficient to admit or deny; therefore, denied.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Admit.

7. Admit.

8. Admit.

9. Admitted for jurisdictional purposes only.

10. Admitted for jurisdictional purposes only.

11. Admitted for venue purposes only.

## **GENERAL ALLEGATIONS**

12. Without knowledge sufficient to admit or deny; therefore, denied.

13. Admit.

14. The document attached as Exhibit A (the "GIA") speaks for itself.

15. Legal conclusions to which no response is required. To the extent a further response is required, denied.

16. The GIA speaks for itself.

17. The GIA speaks for itself.

18. The GIA speaks for itself.

19. Defendants are without knowledge sufficient to admit or deny allegations related to Gray's issuance of the bonds attached as Exhibit B to the Complaint (the "Bonds"); therefore, said allegations are denied. Further, the Bonds speak for themselves.

20. Without knowledge sufficient to admit or deny; therefore, denied.

21. Without knowledge sufficient to admit or deny; therefore, denied.

22. Without knowledge sufficient to admit or deny; therefore, denied.

23. Without knowledge sufficient to admit or deny; therefore, denied.

24. Without knowledge sufficient to admit or deny; therefore, denied.

25. Without knowledge sufficient to admit or deny; therefore, denied.

26. Defendants are without knowledge sufficient to admit or deny allegations related to Gray's collateral demand which is attached as Exhibit C to the Complaint (the "Demand"); therefore, said allegations are denied. Further, the Demand speaks for itself.

27. Denied.

28. Without knowledge sufficient to admit or deny; therefore, denied.

29. Denied. Further, the GIA speaks for itself.

30. Without knowledge sufficient to admit or deny; therefore, denied.

31. Denied.

## COUNT I
### (Breach of Contract as to the GIA/Contractual Indemnity)

32. The Defendants restate and incorporate the answers to paragraphs 1 through 31 above as if fully set forth herein.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

Defendants deny Gray is entitled to the relief sought in the WHEREFORE paragraph of Count I.

## COUNT II
### (Specific Performance)

40. The Defendants restate and incorporate the answers to paragraphs 1 through 31 above as if fully set forth herein.

41. Without knowledge sufficient to admit or deny; therefore, denied.

42. Without knowledge sufficient to admit or deny; therefore, denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

Defendants deny Gray is entitled to the relief sought in the WHEREFORE paragraph of Count II.

Any allegations in the Complaint that have not been specifically admitted or otherwise answered are denied.

## AFFIRMATIVE DEFENSES

As and for their First Affirmative Defense, the Defendants state Plaintiff is not entitled to indemnity for any claims paid or to be paid to claimants lacking duly perfected bond rights or entitlement to recover against the subject performance or payment bonds. Any payments Plaintiff

made or will make to claimants without fully perfected bond rights are voluntary payments for which Plaintiff may not be indemnified.

As and for their Second Affirmative Defense, the Defendants state Plaintiff failed to mitigate its damages by failing or refusing to settle claims against the payment bonds in a timely fashion, thereby increasing Plaintiff's liability to said claimants which could have been avoided through timely settlement of claims.

As and for their Third Affirmative Defense, the Defendants state Plaintiff is not entitled to specific performance relief because Plaintiff has an adequate remedy at law and, therefore, equitable relief is not available.

## RESERVATION OF RIGHTS

Defendants reserve their right to amend or supplement its Affirmative Defenses as the same may become necessary as discovery is ongoing in this matter.

WHEREFORE, Defendants LDDV, LLC and SAMANTHA A. LOWERY pray this Honorable Court will dismiss the Complaint, enter a judgment in its favor, awarding costs and such other and further relief as is deemed just and proper by the Court.

**TRITT & ASSOCIATES, P.A.**

*s/Helen H. Albee*
Helen H Albee
Florida Bar No. 987247
707 Peninsular Place
Jacksonville, FL 32204
Telephone: (904) 354-5200
Facsimile: (904) 354-5256
Email: helen.albee@atritt.com
    karen.farber@atritt.com
Attorneys for LDDV, LLC and
SAMANTHA A. LOWERY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23d day of October, 2025, I presented the foregoing for filing and uploading to the CM/ECF system, which will automatically send email notification of such filing and serve the document to all counsel of record.

*/s/ Helen H. Albee*
Helen H Albee